NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

REYNALDO VILLALOBOS,              :
                                  :     CIV. NO. 21-3192(RMB-AMD)
          Plaintiff       :
                                  :
    v.                            :          **OPINION**
                                  :
FEDERAL BUREAU OF PRISONS,        :
*et al.*,                         :
                                  :
          Defendants      :

BUMB, DISTRICT JUDGE

    Plaintiff Reynaldo Villalobos, a prisoner confined in the
Federal Correctional Institution in Fairton, New Jersey ("FCI
Fairton"), filed this self-styled "Emergency Injunction,
Preliminary, Pursuant to Fed. C. P. Rule 65 and Cease and Desist
Orders," alleging the conditions of confinement in FCI Fairton,
with respect to the spread of COVID 19, and the failure of medical
staff to treat sick inmates violates the Eighth Amendment. (Compl.,
ECF No. 1.) Plaintiff seeks injunctive relief on behalf of all
inmates, but he has not filed a civil rights complaint or an
application to proceed without prepayment of the filing fees under
28 U.S.C. § 1915(a). Plaintiff must file a complaint before the
Court can address a motion for injunctive relief.[1] In his

_____

[1] See e.g. Milhouse v. Fasciana, 721 F. App'x 109, 110 (3d Cir.
2018) (denying preliminary injunction where the plaintiff failed
to show likelihood of success on the merits of claim raised in

complaint, Plaintiff should describe the personal injuries he suffered by the alleged constitutional violations. By way of example, did Plaintiff test positive for COVID-19, what symptoms did he suffer, who denied his requests for medical treatment and when? Plaintiff should also be aware that, as a prisoner, he is required by statute to exhaust administrative remedies that are available to him prior to bringing suit. 42 U.S.C. § 1997e(a)(1).[2] In addition to filing a complaint, Plaintiff must pay the filing fee or obtain permission to proceed without prepayment of the filing fee under 28 U.S.C. § 1915. 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the

complaint).

[2] If a federal prisoner's administrative remedy request "is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing." 28 C.F.R. § 542.18.

2

trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

The Court will administratively terminate this action.[3] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $402.00 for the filing and administrative fees and files a prisoner civil rights complaint. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b)(1) or 42 U.S.C. § 1997e(c)(1).

An appropriate Order follows.

---

[3] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

DATE:   **March 2, 2021**

> s/Renée Marie Bumb
> **RENÉE MARIE BUMB**
> **United States District Judge**